NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **HAO TIAN ZHOU,** | No. 10-72970 |
| Petitioner, | Agency No. A098-463-397 |
| v. | |
| **ERIC H. HOLDER, Jr., Attorney General,** | **MEMORANDUM**[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 10, 2013
Honolulu, Hawaii

Before:    **KOZINSKI**, Chief Judge, **FISHER** and **WATFORD**, Circuit Judges.

**1.**  Three of the alleged discrepancies the IJ pointed to weren't discrepancies

at all.  The IJ found that Zhou's failure to testify about the ambushed meeting in

the woods and his abuse by police in the lead-up to his arrest showed that he

wasn't credible.  But these two events were detailed in his written application, and

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

he wasn't asked about them on the stand. Omissions of details from oral testimony that a petitioner discussed in his written application can't serve as the basis for an adverse credibility determination. See Osorio v. INS, 99 F.3d 928, 931 (9th Cir. 1996).

It is also "well settled that an applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application." Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir. 1996) (citation omitted). The IJ therefore erred in concluding that Zhou's testimony about the harassment he faced after his arrest wasn't credible simply because it contained details not included in his written application.

**2.** The other inconsistencies the IJ identified don't go to the heart of Zhou's claims for relief. Because the pre-Real ID Act standard applies in this case, such minor inconsistencies can't form the basis of an adverse credibility determination. See Smolniakova v. Gonzales, 422 F.3d 1037, 1044 (9th Cir. 2005); Kaur v. Gonzales, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005). The ambiguity regarding whether Zhou was "poked" with sticks or with a knife doesn't go to the heart of his claim—that he was tied up, abused and wounded.

Similarly, while he gave arguably inconsistent descriptions of his wife's religious affiliation, Zhou's claim for asylum was based on <u>his</u> persecution, not his family's. His statements about his wife's religion don't enhance his application or go to the heart of his claim. <u>See</u> <u>Don</u> v. <u>Gonzales</u>, 476 F.3d 738, 742 (9th Cir. 2007). Furthermore, when asked about this inconsistency on cross-examination, he explained that he thought the application just concerned himself. The IJ's failure to address this reasonable explanation was error. <u>See</u> <u>Singh</u> v. <u>Gonzales</u>, 439 F.3d 1100, 1106 (9th Cir. 2006); <u>Campos-Sanchez</u> v. <u>INS</u>, 164 F.3d 448, 450 (9th Cir. 1999).

\*　　\*　　\*

We **GRANT** Zhou's petition for review of the BIA's dismissal of his claims for asylum, withholding of removal and protection under the Convention Against Torture, and we **REMAND** for further proceedings to determine whether, accepting his testimony as credible, he is eligible for relief.